Battle, J.
 

 The bill is filed by the plaintiff against the administrator and next of kin of her deceased husband, for the purpose of setting up a parol ante-nuptial agreement, by which certain slaves were to be secured to her sole and separate use during coverture, and to become her absolute property in the event of her surviving her husband. She states that the slave Eliza, of whom the others are the increase, was bequeathed to her by the will of her father, with the following limitations over, “ and in case the said Mary Porter (the plaintiff) should die without issue, then, and in that case, it is my will that the above-named negro girl, and her issue, be divided between my six sous,” &c. She states further that she did not marry until she was about fifty years old, her husband being a widower, about the same age, with six children of his former marriage; that while the treaty for her marriage was pending, she, not expecting that there would be any issue thereof, showed her suitor the provision in her father’s will, of which he approved, and then agreed with her that if the marriage was consummated, he would hold the girl Eliza and her issue, for the sole use and benefit of the plaintiff during coverture, he receiving the profits for their joint support, and in the event that she survived him, Eliza and her issue should be her exclusive property ; and if he survived her, he would surrender the girl and her issue to the purposes designated in the will of her father. She then alleges that the marriage took place, and that “ the understanding and agreement between them was not reduced to writing, for the reason that it was believed by the parties that the provisions in the will would be operative, in law, to carry out their purposes.”
 

 The prayer of the bill is, that the administrator be enjoined
 
 *115
 
 from selling the slaves, and that lie be declared a trustee for her of them, and for other relief.
 

 The defendants filed a demurrer for the want of equity, upon which the cause was set for hearing, and transmitted to this Court.
 

 In the argument before us, the defendants’ counsel places his objection to the plaintiff’s recovery upon two grounds: First, that the alleged contract related to the sale or conveyance of slaves, and was, therefore, void under the statute of frauds, (1 Rev. Stat., ch. 50, sec. 8,) for not being in writing. Secondly, that the pretended contract was never completed but, after being discussed between the parties, was abandoned; because they both thought that, by virtue of the provisions in the will of the plaintiff’s father, the law would operate to carry out their purposes.
 

 It is unnecessary to consider the first objection, as we think the second is fatal to the plaintiff’s claim. In the case of
 
 Dunn
 
 v.
 
 Sharp,
 
 4 Ire. Eq. Rep. 7, the Court say that, but for the statute of frauds, 29th Chas. 2, in England, their Courts would enforce parol agreements, in consideration of marriage, when clearly established, as well as if they were manifested by writing. The reason why the statute required them to be in writing
 
 “
 
 was to prevent their unguarded expressions of gallantry and improvident promises, thoughtlessly made, or artfully procured during courtship, being perverted into deliberate and solemn engagements, conferring a right to compel performance.” Our statute of frauds has never extended to contracts of this kind, as between the parties to them. (We speak of contracts not embracing land or slaves, for such as do embrace them, may, perhaps, on that account, come within the statute.) Hence, there can be no objection to the enforcement of them in our Courts, because of their not being in writing. But, “ as an agreement peculiarly liable to misapprehension and misrepresentation,” the Courts ought to be entirely satisfied that it has been made, before they proceed to enforce it. In the present case we think that the statements of the plaintiff, herself, show that the contract which
 
 *116
 
 sbe seeks to set up, was, indeed, talked of between the husband and herself, but was not finally agreed upon, because they came to the conclusion, that it was unnecessary. She' says, indeed, that it was not reduced to writing, because they thought the will was sufficient to carry out their intentions. The reason given shows, conclusively, that there was no final contract of any kind, parol or otherwise, between them. They thought it unnecessary, and did not rely upon it. If it were, at any time, contemplated, it was abandoned before it was completed. They chose rather to trust to the efficacy of the will, and whether that choice proceeded from ignorance or not, the plaintiff cannot now claim the benefit of a contract ■which she never entered into. Her case may be a hard one, but the Court cannot, on that account, first make a contract, for her, and then decree its specific execution.
 

 Pee CueiaM. Bill dismissed.